

UNITED STATES PROBATION & PRETRIAL SERVICES
District of New Hampshire

# MEMORANDUM

DATE            September 28, 2020

TO:             Honorable Andrea K. Johnstone
                U.S. Magistrate Judge

FROM:           Jacqulyne Santullo
                U.S. Probation Officer

RE:             U.S. v.  Roberta Segura (Dkt: 1:19-mj-00267-AJ)

**Report of Bail Violation – Summons Recommended**

**The probation officer respectfully requests that the Court issue a summons for Roberta Segura so that she may be brought before the Court to show cause as to why her bail should not be revoked.  In support of this request, the probation officer offers the following information.**

Release Status

On December 26, 2019, Roberta Segura made her initial appearance before U.S. Magistrate Judge Andrea K. Johnstone, pursuant to a Complaint charging her with Conspiracy to Possess with the Intent to Distribute Fentanyl, in violation of 21 U.S.C. §§ 841(a)(1) and 846. At that time, the defendant was ordered temporarily detained pending a detention hearing.

On December 31, 2019, Roberta Segura appeared before U.S. Magistrate Judge Daniel J. Lynch for a detention hearing. At the conclusion of that hearing, the Court ordered the defendant detained but advised that it would consider releasing the defendant to a residential substance abuse treatment program following her completion of the Therapeutic Community (TC program) prerequisite courses at the Strafford County House of Corrections. The Court instructed defense counsel to file a motion upon the defendant's successful completion of the TC prerequisite courses. The Court expressed its concerns as it relates to the defendant's criminal history, past non-compliance with state bail, substance use while participating in a medication assisted treatment program (MAT) and overall lack of motivation to address her substance abuse issues.

On March 16, 2020, a further hearing was held pursuant to an Assented-To Motion For Bail Review Hearing. The Court noted that the defendant successfully completed the TC prerequisite courses and had been accepted into Phoenix House, a residential substance abuse program in Keene, NH. The Court ordered the defendant released on conditions to include pretrial services

supervision and that she remain detained pending placement at Phoenix House.

On March 17, 2020, the defendant was released from custody and admitted into Phoenix House.

On March 18, 2020, defense counsel filed a status update and Assented-To Motion for a Telephonic Status Hearing. The Court was advised that Phoenix House was unexpectedly unable to accommodate the defendant's MAT regimen and had to discharge her. The Court permitted the defendant to temporarily reside with a family member in Rochester, NH, with the understanding that she would seek readmission to Phoenix House in a few days, once her MAT could be properly coordinated.

The defendant was subsequently unable to gain readmission to Phoenix House while also maintaining her MAT. However, she was permitted to remain on release with the understanding that she would seek alternative substance abuse treatment options in coordination with her supervising officer.

Details of Current Violation(s):

**Violation of Condition 8(i)**: The defendant shall meaningfully participate in and complete a program of inpatient or outpatient substance abuse therapy and counseling if deemed advisable by the supervising officer.

On April 1, 2020, the probation officer was informed by staff at Southeastern New Hampshire Services (SENHS) in Dover, NH that the defendant was not an appropriate candidate for that agency's residential drug treatment program and that they recommended she participate in an intensive outpatient substance abuse program (IOP) instead. The probation officer subsequently spoke with the defendant about this recommendation and she agreed to seek admission to IOP at Avis Goodwin in Somersworth, NH. During subsequent meetings with the probation officer, the defendant reported to have completed IOP at Avis Goodwin but has failed to provide any verification. Staff at Avis Goodwin advised the probation officer that the defendant has not signed a release of information and they cannot confirm or deny her participation in services.

On July 27, 2020, in response to an admitted relapse, the probation officer instructed the defendant to contact SENHS and engage in outpatient substance abuse counseling services. As of this writing, the defendant has failed to do so. SENHS staff advised the probation officer that they called the defendant on four occasions (8/25/20, 8/27/20, 9/8/20, and 9/14/20) in attempts to schedule an assessment but were unable to reach her.

On September 3, 2020, in response to continued drug use, the probation officer instructed the defendant to participate in a phone screen with Phoenix House regarding potential inpatient substance abuse treatment. On September 15, 2020, the defendant reported that she had completed a phone screen and was just waiting for Phoenix House to provide an admission date. However, as of this writing, the defendant has not commenced the program. Staff at Phoenix House have been unable to provide the probation officer with verification as they do not have a signed release from the defendant.

**Violation of Condition 8(p):** <u>The defendant shall refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 USC§ 802 unless prescribed by a licensed medical practitioner.</u>

On March 25, 2020, the defendant provided a urine sample that tested positive for Amphetamines. She denied knowingly using any drugs subsequent to her release from custody on March 17, 2020.

On July 27, 2020, prior to submitting a drug test, the defendant admitted to the probation officer that she used methamphetamine on two occasions within the prior two weeks.

On August 14, 2020, the defendant submitted a urine sample that tested positive for amphetamines.

On August 28, 2020, the defendant submitted a urine sample that tested positive for amphetamines.

On September 3, 2020, the defendant submitted a saliva sample to the probation officer that tested positive for amphetamines. The defendant admitted to using methamphetamine approximately 12 days prior.

**Violation of Condition 8(g):** <u>The defendant shall submit to any method of testing required by the supervising officer for determining whether the defendant is using a prohibited substance.</u>

Since May 1, 2020, the defendant has missed 22 of her required daily calls for drug testing instructions. One of those missed calls resulted in the defendant missing a drug test, on July 28, 2020.

On May 20, June 11 and 20, and July 16, 2020, the defendant failed to submit to drug testing despite receiving instructions to do so. Between July 1-22, 2020, the probation officer attempted to contact the defendant seven separate times to address her missed drug tests. The defendant failed to reply to phone calls and/or emails in each instance.

On September 15, 2020, the defendant was turned away by staff at her designated drug-testing site because she reported experiencing COVID-19 related symptoms, including shortness of breath, chills, coughing, and a sore throat. Staff at the testing site advised that the defendant would have to reschedule at least 7 days after the onset of symptoms and 72 hours after they dissipated. On September 17, 2020, the probation officer spoke with the defendant and instructed her to seek medical attention and provide verification. As of this writing, the defendant has failed to provide any documentation to the USPO.

On September 23, 2020, the defendant failed to show up for her scheduled drug test despite receiving instructions to do so the night before. She did not contact the probation officer prior to the test and/or seek permission to miss it.

**Recommendation**

Since her release from custody on March 17, 2020, the defendant has continued to use drugs, failed to follow through with treatment recommendations/instructions, and failed to comply with drug

testing on numerous occasions. Additionally, the defendant is often unavailable when the probation officers attempts to reach her to address noncompliance, and she regularly fails to respond to messages from the probation officer. For those reasons, the probation officer respectfully recommends a summons be issued so that the defendant can be brought before the Court to show cause as to why her bail should not be revoked.

Reviewed by:                                              Submitted by:

/s/ *Eric Gray*         09/28/20                          /s/ *Jacqulyne Santullo*     09/28/20
Eric Gray                    Date                         Jacqulyne Santullo                   Date
Supervising U.S. Probation Officer                        U.S. Probation Officer

*************************************************************************

THE COURT ORDERS

[ ]   No Action
[ ]   The Issuance of a Warrant/Matter Sealed Pending Arrest
[X]   The Issuance of a Summons
[ ]   Other


_____         9/28/2020
Honorable Andrea K. Johnstone           Date
U.S. Magistrate Judge